UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No.  **CV 16-05969 SVW (AFMx)**                                    Date:  August 17, 2016

Title   **Daison LLC v. Jimmy Lontayo, Does 1-5**

Present: The Honorable:  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers)       **ORDER REMANDING MATTER TO STATE COURT**

On April 19, 2016, Daison, LLC ("Plaintiff") instituted unlawful detainer proceedings against Jimmy Lontayo and Does 1 to 5 ("Defendant") in state court. Defendant has allegedly continued in unlawful possession of the property located at 1610 Jasper Ave., Chula Vista, CA 91911(the "Property") that is owned by Plaintiff. Defendant is the former owner of the Property, who lost the Property through foreclosure on or about May 9, 2016. (Complaint, ¶ 3.) Defendant has remained in possession of the Property and on May 15, 2016, was served with a Notice to Vacate. (Complaint, ¶¶ 8, 9.) Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to vacate. Plaintiff estimates the fair rental value of the Property as $73.33 per day. Defendant removed the action to this Court on August 10, 2016. The Notice of Removal is unclear regarding its jurisdictional basis: "True Bill" by respondents in support of Legislative Act, By Caveat Judicial Notice 28 USC 1446-sec. 576 which grants Removal to Defendants." (Notice of Removal, p. 2.) However, the Civil Cover Sheet expressly identifies federal question as the alleged jurisdictional basis.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 16-05969 SVW (AFMx)**                                                   Date:

Title      **Daison LLC v. Jimmy Lontayo, Does 1-5**

792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Moreover, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for ongoing damages at a rate of $73.33 per day from May 10, 2016. Defendant has made no plausible allegations showing how those damages would exceed $75,000.

Finally, the Court notes that venue appears to be improper as the case involves removal of an action pending in the San Diego Superior Court. *See* 28 U.S.C. § 1441(a). Given the lack of subject matter jurisdiction, however, the Court will remand the case rather than transfer it to the Southern District of California.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant

|  | : |
|---|---|
| **Initials of Preparer** | pmc |